| | |
|---|---|
| DANIEL L. WILLIAMS #398170, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00374 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| CPL CATCHER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Williams, an inmate currently confined at Morgan County Correctional Complex in Wartburg, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and has been granted pauper status (Doc. No. 6). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act.[1]

**I.     Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A.     Factual Allegations**

Liberally construing the Complaint (Doc. No. 1) and supplements thereto (Doc. Nos. 5, 9), the Court has established the following summary of factual allegations for the purpose of conducting an initial review.

---

[1] After an initial lack of clarity regarding the location of the events giving rise to this lawsuit, Plaintiff clarified that the events occurred within this district, so venue is proper here. (*See* Doc. No. 10.)

The incident forming the basis of this suit occurred at DeBerry Special Needs Facility in Nashville on February 9, 2021.[2] (Doc. No. 9 at 4.) Plaintiff was upset because Unit Manager Laplant changed his (Plaintiff's) cell. (Doc. No. 1 at 4.) Plaintiff asked Cpl. Catcher why he (Plaintiff) was moved, and Catcher said she would talk to Laplant. (*Id.*) Through the cell door, Plaintiff asked Laplant why he was moved, and she ignored him. (*Id.*) Plaintiff started cursing, and Laplant walked away. (*Id.*)

Through the cell door, Cpl. Catcher and Cpl. Welch told Plaintiff to sit on his bed. (*Id.*) Catcher and Welch then entered the cell and told Plaintiff to stand in the corner. (*Id.*) Welch told Plaintiff to lay on the bed, and Plaintiff complied. (*Id.*) Welch handcuffed Plaintiff to the bed, and Catcher pulled off Plaintiff's pants and underwear. (*Id.*) Welch shackled Plaintiff's ankles to the bed and then "grabbed and squeezed [Plaintiff's] genitals as hard as possible." (*Id.*) Catcher smiled and said, "I bet this will teach [him a] lesson not to get mad." (*Id.*) Plaintiff asked why this was happening, and Welch said that Unit Manager Laplant told them to do it. (*Id.*)

After Cpl. Catcher and Cpl. Welch left, Plaintiff remained handcuffed and shackled to the bed. (*Id.*) Plaintiff was "naked on cold concrete for hours hurting," forced to urinate and defecate on himself. (*Id.*) When Plaintiff was uncuffed, he complained, and Unit Manager Laplant told him that Warden Holloway "instructed her to have [Plaintiff] placed in restraints." (*Id.*) Plaintiff later spoke to Holloway, and Holloway said that he gave permission for the restraints. (*Id.* at 4–5.) Plaintiff alleges that he filed "paperwork" about the incident, leading to Internal Affairs talking to Welch, and Welch threatening to do it again. (Doc. No. 5 at 1.) Catcher and Welch were still allowed to work in Plaintiff's pod, threaten Plaintiff, feed him, and give him mental health medication. (*Id.* at 1–2.)

---

[2] Plaintiff does not specify the year this incident occurred, but for the purpose of initial review, the Court assumes that it was 2021.

Plaintiff sues Unit Manager Laplant, Cpl. Catcher, Cpl. Welch, and Warden Holloway. (Doc. No. 1 at 1, 5–6.) He requests monetary damages, legal fees for this suit, and a change in the policy "pertaining to being retrained and punished." (*Id.* at 5–6; Doc. No. 5 at 2.)

### B. Standard of Review

To determine whether a Complaint "fails to state a claim on which relief may be granted" under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

#### 1. Cpl. Catcher and Cpl. Welch

Plaintiff asserts an excessive force claim against Cpl. Catcher and Cpl. Welch. (Doc. No. 5 at 1.) As Plaintiff is a convicted prisoner,[3] the Eighth Amendment's "prohibition on cruel and

---

[3] Plaintiff does not state whether he was a pretrial detainee or a convicted prisoner at the time of the incident, but the Court takes judicial notice that Plaintiff was a convicted prisoner. Plaintiff's TDOC ID number is

3

unusual punishment protects [Plaintiff] from the unnecessary and wanton infliction of pain." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1093–94 (6th Cir. 2019) (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2012)).

An Eighth Amendment claim has objective and subjective components. *Id.* at 1094 (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). The objective component of this claim requires Plaintiff to demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citations omitted). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action,'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)), but "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Cordell*, 759 F.3d at 581 (quoting *Hudson*, 503 U.S. at 9). The subjective component "requires that the prison official act with a 'sufficiently culpable state of mind.'" *Rafferty*, 915 F.3d at 1094 (quoting *Farmer*, 511 U.S. at 834). The Court must consider whether a prison official applied force "in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm." *Tuttle v. Carroll Cnty. Det. Ctr.*, 500 F. App'x 480, 481–82 (6th Cir. 2012) (citing *Williams*, 631 F.3d at 383) (applying this standard to prisoner's Eighth Amendment claim based on allegation that prison officer "grabbed [his] privates and squeezed them really hard").

---

listed on the Complaint. (Doc. No. 1 at 1.) A search of the Tennessee Felony Offender Information database using this number reflects that an individual with the same name and TDOC ID number as Plaintiff has been serving a sentence since April 2017. TENNESSEE DEPARTMENT OF CORRECTION, *Felony Offender Information*, https://apps.tn.gov/foil/ (last visited June 1, 2021); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

4

Taking Plaintiff's allegations as true, as required at this stage in the proceedings, Plaintiff states an excessive force claim against Cpl. Welch. Welch allegedly handcuffed and shackled Plaintiff to a bed before grabbing and squeezing Plaintiff's genitals. Grabbing and squeezing is an action more severe than a so-called "malevolent touch." *See Perkins v. Jacobson*, No. 2:11-CV-271, 2013 WL 3776303, at *1 (W.D. Mich. July 17, 2013) ("[W]hile a brief touching of the penis or buttocks might properly be considered a 'minor' incident within the Eighth Amendment context, the Court is not convinced that the grabbing of an inmate's penis is necessarily a similarly 'minor' incident."). Welch also allegedly left Plaintiff attached to the bed for hours, naked on cold concrete, forced to urinate and defecate on himself. This allegation may form the basis of an excessive force claim as well. *See Barker v. Goodrich*, 649 F.3d 428, 434–35 (6th Cir. 2011) (holding that a court could find that "force was applied maliciously and sadistically to cause harm" where a prisoner was "handcuffed behind his back [in a detention cell] for twelve hours, during which time he missed a meal and was unable to sit or lie down without pain, use the restroom, or obtain water from the fountain").

As to Cpl. Catcher, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," meaning that a prison official may be liable for failing to prevent another official from harming an inmate. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 832). To state a claim under this theory of relief, Plaintiff must show that the official "acted with 'deliberate indifference' to a substantial risk that [another prison official] would cause [the prisoner] serious harm." *Id.* (collecting cases). Here, Catcher allegedly pulled down Plaintiff's pants and underwear and watched Cpl. Welch grab and squeeze Plaintiff's genitals. Afterwards, Catcher allegedly smiled and said, "I bet this will teach [him a] lesson not to get mad." Catcher also allegedly allowed Plaintiff to remain attached to the bed for

5

hours. Plaintiff has therefore stated a claim against Catcher for failing to protect him from Welch's asserted excessive force.

### 2. Unit Manager Laplant and Warden Holloway

Plaintiff seeks to impose liability on Unit Manager Laplant and Warden Holloway as supervisors. (Doc. No. 1 at 5; Doc. No. 5 at 1.) "In order to succeed on a supervisory liability claim, Plaintiff must show that 'a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). "While a supervisor must have engaged in 'some active unconstitutional behavior,' that behavior need not be 'active in the sense that the supervisor must have physically put his hands on the injured party or even physically been present at the time of the constitutional violation." *Id.* (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 242–43 (6th Cir. 2016)) (internal citation and quotation marks omitted).

Here, accepting Plaintiff's allegations as true, Plaintiff asked Cpl. Welch "why is this happening" after Welch grabbed and squeezed his genitals, and Welch responded that "Unit Manager Laplant told them to do it." (Doc. No. 1 at 4.) This alleged authorization states a supervisory liability claim against Laplant.

As to Warden Holloway, Plaintiff complained about the incident to Unit Manager Laplant after being uncuffed, and Laplant said that "Holloway instructed her to have [Plaintiff] placed in restraints." (*Id.*) Plaintiff later explained the incident to Holloway, and Holloway responded that he "gave permission for the restraints." (*Id.* at 4–5.) Although a general authorization or instruction to place Plaintiff in restraints does not necessarily include authorization to carry out the actions alleged here—shackling Plaintiff's arms and legs to a bed, grabbing and squeezing his genitals,

and leaving him there for hours—the Court must draw all reasonable inferences in plaintiff's favor at this early stage in the proceedings. And when doing so, Plaintiff's allegation that Holloway authorized or ordered the restraints is sufficient to "plausibly allege that [Holloway] 'did more than play a passive role in the alleged violations or show mere tacit approval of the goings on.'" *Peatross*, 818 F.3d at 243 (quoting *Gregory v. City of Louisville*, 444 F,3d 725, 751 (6th Cir. 2006)). Accordingly, Plaintiff's supervisory liability claim against Holloway will not be dismissed at this time.

## II.     Conclusion

For these reasons, the Court concludes that Plaintiff states the following arguably non-frivolous claims: an excessive force claim against Cpl. Welch; a failure-to-protect claim against Cpl. Catcher; and supervisory liability claims against Unit Manager Laplant and Warden Holloway.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send Plaintiff four service packets (a blank summons and USM 285 form). Plaintiff **MUST** complete a service packet for each Defendant and return each completed service packet to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize prosecution of this action, but he may request additional time for

complying with this Order, if necessary. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE