IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANIEL L. WILLIAMS | ) | |
| | ) | |
| v. | ) | NO. 3:21-00374 |
| | ) | |
| CPL. CATCHER, et al. | ) | |

**TO:** Honorable Eli J. Richardson, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* and *in forma pauperis* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered June 1, 2021 (Docket Entry No. 13).

Pending before the Court is the motion for summary judgment filed by Defendants Ashley Ketcher, James Holloway, Christine La Plante, and Scott Welch (Docket Entry No. 42), to which Plaintiff has filed a response in opposition (Docket Entry No. 50). For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

Daniel Williams ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on April 8, 2021, seeking damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the DeBerry Special Needs Facility ("SNF") in Nashville, Tennessee.

*See* Complaint (Docket Entry No. 1). Plaintiff subsequently made filings that expounded upon his allegations of wrongdoing. *See* Docket Entry Nos. 5 and 9.

Plaintiff, who asserts that he suffers from mental illness, claims that he was assaulted and mistreated at the SNF on February 9, 2021, after becoming upset and cursing because his cell was being changed. Plaintiff alleges that Correctional Officers Ashley Ketcher ("Ketcher")[1] and Scott Welch ("Welch") came to his cell and that he was handcuffed to the bed by Welch, after which Ketcher pulled off his pants and underwear. He alleges that Welch then shackled his ankles to the bed and "grabbed and squeezed his genitals as hard as possible," while Ketcher said, "I bet this will teach [Plaintiff a] lesson not to get mad." Plaintiff alleges that Welch said that Unit Manager Christine Laplant ("LaPlant") had told them to take these actions. Plaintiff alleges that he remained handcuffed and shackled to the bed, which he contends was a concrete slab with no mattress, for hours after the officers left and was forced to urinate and defecate on himself. After Plaintiff was uncuffed, he complained about the incident and learned that Warden James Holloway ("Holloway") had given permission for the use of restraints. Plaintiff alleges that he filed "paperwork" about the incident, leading to Internal Affairs talking to Welch, who Plaintiff alleges threatened to do it again.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted an arguable excessive force claim against Welch, a failure-to-protect claim against Ketcher, and supervisory liability claims against LaPlant and Holloway. *See* Memorandum Opinion and Order at 3-7. Defendants filed answers (Docket Entry Nos. 28 and

---

[1] Although Plaintiff identified this defendant as "Catcher" in his complaint, the correct spelling is "Ketcher." *See* Docket Entry No. 42 at 1, n.1.

35), and a scheduling order was entered that provided for a period of pre-trial activity in the case, including a period for discovery. *See* Order entered September 2, 2021 (Docket Entry No. 29). Although a jury trial is demanded, the trial has not yet been scheduled pending the conclusion of pretrial proceedings.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants seek summary judgment in their favor under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with: (1) the declaration of SNF Grievance Chairperson Brooke Edwards (Docket Entry No. 46) and documents attached thereto; (2) the declaration of SNF Associate Warden of Treatment Sandra Mays (Docket Entry No 47) and documents attached thereto; and, (3) a statement of undisputed material facts (Docket Entry No. 44).

Defendants do not challenge the merits of Plaintiff allegations and raise a single technical defense to the lawsuit. Their sole argument for summary judgment is that Plaintiff's claims must be dismissed because he did not exhaust his available administrative remedies prior to filing his lawsuit as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. *See* Memorandum of Law (Docket Entry No. 43) at 2-4. Defendants assert that Plaintiff arrived at the SNF from the MCCX on January 25, 2021, and stayed at SNF until March 8, 2021, when he was transferred back to the MCCX. Defendants contend that, although Plaintiff did file one administrative prison grievance while at the SNF that complained about being denied telephone calls,[2] there are no records of Plaintiff filing either an administrative prison grievance or an

---

[2] The grievance records attached to the Declaration of Edwards state that the grievance was signed on February 22, 2021, and logged into the TOMIS system on March 1, 2021. *See* Docket Entry No. 46-1 at 1.

3

administrative complaint pursuant to the Prison Rape Elimination Act ("PREA") about the incident at issue.

In response, Plaintiff submits a two page, unsigned response and six pages from TDOC Policy #113.87 (Mental Health Levels of Care) and Policy #113.88 (Mental Health Seclusion and Suicide Monitoring). *See* Response (Docket Entry No. 50). Plaintiff argues that he arrived at the SNF as a Level 4 mental health inmate who was on suicide watch and that he was not permitted to have a pencil/pen or paper and was only permitted to have in his cell a suicide smock, suicide mattress, and suicide blanket. He asserts that he verbally complained to a correctional sergeant and that his oral complaint was written down by both a correctional officer and an inmate observer who were sent to his cell to take his statement and he was told his complaint would be forwarded to the chief of security. *See* Response at 1. Plaintiff argues that his lawsuit should not be dismissed under these circumstances because he did not have the means to file a written grievance.

Defendants have not filed a reply to Plaintiff's response.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences

drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## V. ANALYSIS

The motion for summary judgment should be granted because Defendants' failure to exhaust argument has not been adequately rebutted by Plaintiff. Accordingly, this case must be dismissed.

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative

5

remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Plaintiff's claims are covered by the exhaustion requirement of the PLRA. Defendants have set forth evidence that a multi-step administrative grievance process exists for TDOC inmates to pursue prison grievance, *see* Declaration of Edwards at ¶ 7, but that Plaintiff did not file a prison grievance about any of the events allegedly occurring on February 9, 2021. *Id*. at ¶¶ 5-6. Defendants have also set forth evidence that Plaintiff did not file a grievance or complaint under the PREA about the events. In the face of this evidence, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing his compliance with the PLRA. *See Napier*, *supra*.

Plaintiff has not set forth any actual evidence to meet this burden. Although Plaintiff argues that (1) he did not have the ability to file a written grievance because of restrictions on his access to writing utensils and paper while on suicide watch and (2) he provided oral statements to correctional staff and an inmate that he believed were written down and that he believed were

6

going to be filed as a grievance, he has not supported this argument with any kind of testimonial evidence, such as an affidavit or statement sworn to under oath. Unsworn factual statements in a response, such as those made by Plaintiff, are not sufficient evidence to rebut a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

Furthermore, even if the Court accepts as true that Plaintiff was unable to file a contemporaneous written grievance because of restrictions on his access to writing materials, he has not provided the Court with any evidence of how long the restrictive conditions lasted. The unrebutted evidence from Defendants indicates that at some point within two weeks of the events at issue, Plaintiff regained the ability to file grievances, as evidenced by the grievance that he filed about another matter on February 22, 2021. Even if Plaintiff was unable to pursue a grievance about the events of February 9, 2021, in the days shortly afterwards, he could have filed a grievance about the incident at some point by at least February 22, 2021, but he did not. TDOC Policy #501.01.L.1 also provides that an inmate may file a grievance about sexual abuse at any time. *See* Docket Entry No. 46-2 at 6.

Finally, even if the Court accepts as true that Plaintiff's act of providing oral statements to a correctional officer and inmate advisor constituted the only available means he had to initiate a grievance or PREA complaint while held in suicide watch but that the two people who took his statements failed to follow through with the steps necessary to file the grievance or PREA complaint, Plaintiff has not provided evidence showing that he took any steps regarding the issue once it became clear that prison officials had not processed a grievance or PREA complaint. The TDOC grievance policy specifically provides inmates with an available avenue to

7

continue the grievance process even if they are not provided with a timely response. *See* TDOC Policy #501.01(D) ("if a time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage of the process, unless the inmate agrees in writing to a fixed extension of the time limit for response."). When Plaintiff did not receive a response to what he believed was his grievance, he still had a remedy under the TDOC grievance policy to advance the grievance to the Level II stage and again to the Level III stage. This option forecloses any argument that the grievance process was unavailable because of the actions of prison officials. *See Belser v. Woods*, 2018 WL 6167330 at *2 (6th Cir. July 6, 2018) (holding that inmate's allegation that grievance coordinator would not respond to his appeals was insufficient to render grievance process unavailable where regulation permitted inmate to proceed to the next step when no timely response to grievance was given); *Pool v. Klenz*, 2018 WL 1989637 at *3 (6th Cir. Jan. 17, 2018) (prison inmate who alleged that prison official did not respond to his grievance filings failed to demonstrate that the grievance process was not available because the applicable grievance procedure provided for steps the inmate should have taken in the absence of a response that would have allowed him to continue the process); *Gilmore v. Ormond*, 2019 WL 943392 at *4 (E.D.Ky. Feb. 26, 2019) (prisoner, who alleged that prison officials refused to process his grievance, failed to show exhaustion because he was entitled to appeal if no timely response was forthcoming).[3]

In the end, although Defendants have not challenged the underlying factual allegations made by Plaintiff of what would appear to be conduct by prison officials that violates the Eighth

---

[3] Plaintiff's ability to continue to proceed through the second and third levels of the grievance policy even when prison officials did not provide him with a timely grievance response distinguishes this case from *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). In *Boyd*, the Sixth Circuit found that an inmate satisfied the exhaustion requirement under the PLRA because prison officials had not timely responded to his grievance. However, the inmate in *Boyd* did not have the ability to pursue an administrative grievance appeal under the applicable grievance process until he

8

Case 3:21-cv-00374   Document 55   Filed 05/16/22   Page 8 of 9 PageID #: 220

Amendment, the exhaustion defense under the PLRA requires the dismissal of this case because Plaintiff fails to rebut this defense with affirmative evidence.

## R E C O M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendants Ashley Ketcher, James Holloway, Christine La Plante, and Scott Welch (Docket Entry No. 42) be GRANTED and this case be DISMISSED for failure to comply with the exhaustion requirement of the Prison Litigation Reform Act.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                        Respectfully submitted,

                                        BARBARA D. HOLMES
                                        United States Magistrate Judge

---

received a response to his initial grievance. 380 F.3d at 996.